IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NEAL PARKER, Individually and as Representative Plaintiffs on behalf of all other similarly situated, et al., | : : : : : |
| Plaintiffs, | : CIVIL ACTION NO. : 1:04-CV-0606-RWS |
| v. | : : |
| BRUSH WELLMAN INC., et al., | : : |
| Defendants. | : |

**ORDER**

This matter comes before the Court on Defendants' Motion to Compel Plaintiffs' Initial Disclosures [155], Plaintiffs' Motion to Amend Complaint [165], and various discovery requests made by Defendant Alcoa during a telephone conference conducted on June 17, 2008.

**I.      Defendants' Motion to Compel Initial Disclosures [155]**

In lieu of filing a response to Defendants' Motion to Compel Initial Disclosures, Plaintiffs filed an amendment to their Initial Disclosures on April 2, 2008 [166], which appears to remedy the concerns raised by Defendants in

AO 72A
(Rev.8/82)

their Motion.  Accordingly, Defendants' Motion to Compel Plaintiffs' Initial Disclosures [155] is **DENIED as moot**.

## II.     Plaintiffs' Motion to Amend Complaint [165]

Plaintiffs move to amend their Complaint to add five additional Plaintiffs who they allege suffered the same defective beryllium-related injuries caused by exposure to the same allegedly defective beryllium-containing products manufactured by Defendants.  Plaintiffs contend that, even though this case was filed in 2004, it is still in its nascent stages because the Court granted the Defendants' Motion to Dismiss in February of 2006 [123] and the Eleventh Circuit only recently remanded the case to this Court to begin discovery.  On January 3, 2008, the Court approved the parties' Second Amended Joint Preliminary Report and Discovery Plan, which established a 30-day deadline for amendments to the pleadings without leave of court [144].   The Court then held a scheduling conference on March 12, 2008, during which Plaintiffs advised the Court of their request to add the additional Plaintiffs.

Defendants oppose Plaintiffs' request, contending that Plaintiffs have failed to demonstrate good cause under Rule 16(b).  Moreover Defendants contend that allowing the addition of five Plaintiffs will prolong discovery in this action because the proposed plaintiffs have "different work histories and

2

different alleged exposures to beryllium-containing products at different points in time." (Resp. at 4.) Defendants also contend that they will be unduly prejudiced by the addition of 5 plaintiffs because they have already agreed to a 9-month discovery period and the addition of those plaintiffs will require substantially more time for discovery. Plaintiffs, in response, propose to extend the discovery period by 90 days.

The Eleventh Circuit has held that amendments submitted after the time set out in a court's scheduling order must be first evaluated under the good cause rubric of Rule 16(b) of the Federal Rules of Civil Procedure. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); see also Saulsberry v. Morinda, Inc., No. 1:07-CV-01542-WSD, 2008 WL 416933, at *2 (N.D. Ga. Feb. 13, 2008) (because plaintiff filed her amendment after the Preliminary Report and Discovery Plan's deadline, "her amendment was untimely, and she would normally be required to show good cause for the delay"). "The 'good cause' standard for modification of a scheduling order 'precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.'" Saulsberry, 2008 WL 416933, at *2 (quoting Sosa, 133 F.3d at 1418).

3

### III. Alcoa's Discovery Requests

On June 17, 2008, the Court conducted a telephone conference with counsel concerning Defendant Alcoa, Inc.'s discovery requests. In the conference, counsel for Plaintiffs stated that Plaintiffs have provided all information in the possession of Plaintiffs that is responsive to Interrogatories 1 and 2 and Request for Production 1. Plaintiffs lack the ability to provide specific information concerning product exposure until additional discovery can be completed. However, counsel has been provided with anecdotal information about the possible presence of Alcoa products on the job sites. Therefore, Plaintiffs' counsel shall provide to counsel for Alcoa any anecdotal information available to counsel regarding observations of Alcoa products on the job sites. This information shall be provided not later than June 20, 2008.

### Conclusion

For the foregoing reasons, Defendants' Motion to Compel Plaintiffs' Initial Disclosures [155] is **DENIED as moot**. Plaintiffs' Motion to Amend Complaint [165] is **DENIED**. Plaintiffs' counsel is **ORDERED** to provide to counsel for Alcoa not later than June 20, 2008, any anecdotal information available regarding observations of Alcoa products on the relevant job sites.

4

**SO ORDERED**, this  20th  day of June, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

5