IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NEAL PARKER, Individually and as Representative Plaintiffs on behalf of all other similarly situated, et al., | : : : : : |
| Plaintiffs, | : CIVIL ACTION NO. : 1:04-CV-0606-RWS |
| v. | : : : |
| BRUSH WELLMAN INC., et al., | : : |
| Defendants. | : |

**ORDER**

This Court's Order of June 20, 2008 [194] is hereby **VACATED**, and the Court substitutes the following as the Order of the Court:

This matter comes before the Court on Defendants' Motion to Compel Plaintiffs' Initial Disclosures [155]; Plaintiffs' Motion to Amend Complaint [165]; and various discovery requests made by Defendant Alcoa during a telephone conference conducted on June 17, 2008. After reviewing the entire record, the Court enters the following Order.

**I.   Defendants' Motion to Compel Initial Disclosures [155]**

In lieu of filing a response to Defendants' Motion to Compel Initial

Disclosures, Plaintiffs filed an amendment to their Initial Disclosures on April 2, 2008 [166], which appears to remedy the concerns raised by Defendants in their Motion. Accordingly, Defendants' Motion to Compel Plaintiffs' Initial Disclosures [155] is **DENIED as moot**.

## II.     Plaintiffs' Motion to Amend Complaint [165]

Plaintiffs move to amend their Complaint to add five additional Plaintiffs who they allege suffered the same beryllium-related injuries caused by exposure to the same allegedly defective beryllium-containing products manufactured by Defendants. Plaintiffs contend that, even though this case was filed in 2004, it is still in its nascent stages because the Court granted the Defendants' Motion to Dismiss in February of 2006 [123], and the Eleventh Circuit only recently remanded the case to this Court to begin discovery.

Defendants oppose Plaintiffs' request, contending that Plaintiffs have failed to demonstrate good cause under Rule 16(b). Moreover, Defendants contend that allowing the addition of five Plaintiffs will prolong discovery in this action because the proposed plaintiffs have "different work histories and different alleged exposures to beryllium-containing products at different points in time." (Resp. at 4.) Defendants also contend that they will be unduly prejudiced by the addition of 5 plaintiffs because they have already agreed to a

2

9-month discovery period and the addition of those plaintiffs will require substantially more time for discovery. Plaintiffs, in response, propose to extend the discovery period by 90 days.

On January 3, 2008, the Court approved the parties' Second Amended Joint Preliminary Report and Discovery Plan, which established a 30-day deadline for amendments to the pleadings without leave of court [144]. The Court then held a scheduling conference on March 12, 2008, during which Plaintiffs advised the Court of their request to add the additional Plaintiffs.

The Eleventh Circuit has held that amendments submitted after the time set out in a court's scheduling order must be evaluated under the good cause rubric of Rule 16(b) of the Federal Rules of Civil Procedure. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); see also Saulsberry v. Morinda, Inc., No. 1:07-CV-01542-WSD, 2008 WL 416933, at *2 (N.D. Ga. Feb. 13, 2008) (because plaintiff filed her amendment after the Preliminary Report and Discovery Plan's deadline, "her amendment was untimely, and she would normally be required to show good cause for the delay"). "The 'good cause' standard for modification of a scheduling order 'precludes modification unless the schedule cannot be met despite the diligence of the party seeking the

3

extension.'" Saulsberry, 2008 WL 416933, at *2 (quoting Sosa, 133 F.3d at 1418).

Plaintiffs contend in conclusive fashion that they have demonstrated diligence in amending their Complaint but offer little explanation as to why such an amendment was not made in the 30-day period provided for in the Joint Preliminary Report and Discovery Plan. Plaintiffs mention that two prospective plaintiffs only recently were diagnosed with beryllium sensitization, but do not discuss when they learned of the existence of the remaining three prospective plaintiffs' claims. Plaintiffs have offered no affidavit or sworn testimony concerning their diligence in pursuing an amendment to the Complaint in this action. As such, the Court finds that Plaintiffs have not met their burden under Rule 16 to demonstrate good cause and declines to grant leave to amend.

Even had Plaintiffs demonstrated diligence in amending their Complaint, however, the Court would have serious concerns about the propriety of joining five additional plaintiffs to this litigation, which at present already involves five plaintiffs' individual claims of beryllium sensitization. Plaintiffs do not dispute that the claims of the five prospective Plaintiffs arose at different times and from different alleged exposures to Defendants' products, nor do Plaintiffs dispute that substantial fact discovery and medical discovery will have to take

4

place as to each additional proposed plaintiff in this action. In the Court's view, the efficiencies Plaintiffs propose will be better gained through the filing of a separate action and the consolidation of those aspects of discovery which are common to the Plaintiffs in this action and the plaintiffs in the separate action. Defendants have stated that they "have no objection to the coordination and cross-use of discovery," and the Court will take Defendants at their word should a complaint by the proposed plaintiffs be filed as a related action in this distric. (Defs.' Resp. to Mot. to Amend [177] at 9.)

For those reasons, Plaintiffs' Motion to Amend Complaint [165] is **DENIED**.

### III. Alcoa's Discovery Requests

On June 17, 2008, the Court conducted a telephone conference with counsel concerning Defendant Alcoa, Inc.'s discovery requests. In the conference, counsel for Plaintiffs stated that Plaintiffs have provided all information in the possession of Plaintiffs that is responsive to Interrogatories 1 and 2 and Request for Production 1. Plaintiffs lack the ability to provide specific information concerning product exposure until additional discovery can be completed. However, counsel has been provided with anecdotal information about the possible presence of Alcoa products on the job sites.

5

Therefore, Plaintiffs' counsel shall provide to counsel for Alcoa any anecdotal information available to counsel regarding observations of Alcoa products on the job sites.  This information shall be provided not later than June 20, 2008.

## Conclusion

This Court's Order of June 20, 2008 [19] is hereby **VACATED**.  For the foregoing reasons, Defendants' Motion to Compel Plaintiffs' Initial Disclosures [155] is **DENIED as moot**.  Plaintiffs' Motion to Amend Complaint [165] is **DENIED**.   Plaintiffs' counsel is **ORDERED** to provide to counsel for Alcoa not later than June 20, 2008, any anecdotal information available regarding observations of Alcoa products on the relevant job sites.

**SO ORDERED**, this   7th   day of July, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)