**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

NEAL PARKER, WILBERT CARLTON,
CARL E. BROWN, RALPH GRIFFIN, JR.,
and SAMUEL WALKER,

         Plaintiffs,

                v.                  Civil Action No.
                                   1:04-CV-606-RWS

BRUSH WELLMAN INC., SCHMIEDE
MACHINE AND TOOL CORPORATION,
THYSSENKRUPP MATERIALS NA, INC.
(d/b/a COPPER AND BRASS SALES),
ALCOA, INC., and McCANN
AEROSPACE MACHINING
CORPORATION,

         Defendants,

**PLAINTIFFS' MOTION TO ENFORCE SUBPOENA AND COMPEL
PRODUCTION OF DOCUMENTS BY
LOCKHEED MARTIN CORPORATION**

For the reasons set forth in the accompanying memorandum, Plaintiffs

respectfully request that the Court enforce Plaintiffs' Subpoena and compel

Lockheed Martin Corporation to produced documents responsive thereto.

Respectfully submitted


 _/s/ Ruben Honik_____
Ruben Honik (admitted *pro hac vice*)
Stephan Matanovic (admitted *pro hac vice*)
Golomb & Honik, P.C.
1515 Market Street
Suite 1100
Philadelphia, Pennsylvania  19102
Telephone: 215.985.9177
Facsimile: 215.985.9177
E-Mails:
rhonik@golombhonik.com
smatanovic@golombhonik.com


James H. Webb, Jr.
Webb Lindsey & Wade, LLC
400 Westpark Court, Suite 220
Peachtree City, Georgia  30269
**COUNSEL FOR PLAINTIFFS**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

NEAL PARKER, WILBERT CARLTON,
CARL E. BROWN, RALPH GRIFFIN, JR.,
and SAMUEL WALKER,

        Plaintiffs,

               v.                    Civil Action No.
                                   1:04-CV-606-RWS

BRUSH WELLMAN INC., SCHMIEDE
MACHINE AND TOOL CORPORATION,
THYSSENKRUPP MATERIALS NA, INC.
(d/b/a COPPER AND BRASS SALES),
ALCOA, INC., and McCANN
AEROSPACE MACHINING
CORPORATION,

        Defendants,


## PLAINTIFFS' MEMORANDUM TO ENFORCE SUBPOENA AND COMPEL PRODUCTION OF DOCUMENTS BY LOCKHEED MARTIN CORPORATION


Plaintiffs in this case, who for years unwittingly machined beryllium[1]

products without adequate knowledge about, or protection from, the health risks

associated with beryllium, are seeking essential information about the products that

---

[1] Beryllium, a metal that is lighter than aluminum and stiffer than steel and is used in many military and commercial applications, is a dangerous toxin.  Plaintiffs in this and the related *Berube* case sued the Defendants because of injuries they sustained due to Defendants' failure to warn plaintiffs of the hazards of exposure to respirable beryllium.

they worked with from their employer, non-party Lockheed Martin Corporation ("Lockheed"), and move for an Order enforcing their subpoena and compelling the production of documents.

## 1.   FACTS

1.    The Plaintiffs in this case seek damages for personal injuries they suffered while working at Lockheed's aircraft assembly plant in Marietta, Georgia. The Defendants are suppliers of beryllium-containing parts and products which were used at the Marietta plant, and which caused Plaintiffs' injuries.[2]

2.    Plaintiffs served a subpoena on Lockheed, on September 8, 2008.  *See* Exhibit 1.  Plaintiffs' subpoena requested three discrete categories of documents, and related documents, which were not previously produced by Lockheed in this case:

- Detail prints, which are technical drawings that lay out specifications and material requirements for a part, so that a manufacturer can fabricate a part for inclusion in an aircraft.  It is the "shopping list" made up by Lockheed and given to its suppliers of beryllium-containing parts;

- Operations Cards, which are step-by-step instructions for completing a task in the construction or testing of an airplane; and

- Assembly Prints, which are the blueprints for an airplane and set out instructions for combining the parts in a detail print.  This is the "recipe" used by Lockheed that stated how the beryllium parts were used and reveals what dust and particulate were generated by required

---

[2] Lockheed, originally a defendant, was dismissed from the case on April 29, 2005. [95].

operations.

*See* Exhibit 1.

3.      Lockheed moved to quash Plaintiffs' subpoena on October 29, 2008.
[233].  Plaintiffs opposed Lockheed's motion.  [236].

4.      In June 1, 2009, the Court entered an order denying Lockheed's
Motion to quash.  [267].  In doing so, the Court ordered that "Lockheed shall be
required to produce information of the nature sought by Plaintiff's document
subpoena."  *Id.*  The Court also encouraged the Plaintiffs and Lockheed to confer
with regard to narrowing the scope of Plaintiffs' subpoena.

5.      On June 2, 2009, counsel for Plaintiffs wrote to counsel for Lockheed
with a proposal for limiting the scope of the subpoena.  *See* Letter by Ruben
Honik, dated June 2, 2009, attached as Exhibit 2.  Plaintiffs' counsel's proposal
limited the request for documents in time, and also limited the number of aircraft
about which documents were being sought.  *Id.*

6.      On June 10, 2009, counsel for Lockheed issued a counter-proposal.
*See* Letter by Barry Goheen, dated June 10, 2009, attached as Exhibit 3.
Lockheed's counsel agreed to produce certain categories of documents pursuant to
Plaintiff's subpoena.  *Id.*

7.      On June 18, 2009, Plaintiffs' counsel wrote to counsel for Lockheed

3

agreeing to the framework for production outlined by Lockheed.  *See* Letter by

Ruben Honik dated June 18, 2009, attached as Exhibit 4.  Lockheed agreed to

produce, at a minimum, documents relating to the F-22, the C-130, and the C-5,

and Plaintiffs requested additional materials relating to the P-3, S-3, and L-1011.

*Id*.

8.      On July 6, 2009, counsel for Plaintiffs wrote to Lockheed requesting a

status update, as no documents had been produced.  *See* E-mail from Ruben Honik,

dated July 6, 2009, attached as Exhibit 5.

9.      Counsel for Lockheed responded that he did not have a timetable for

production, as of yet.  *See* Email from Barry Goheen dated July 6, 2009, attached

as Exhibit 6.

10.     On August 17, 2009, counsel for Plaintiffs again requested an update

on the status of production.  *See* Email by Stephan Matanovic dated August 17,

2009, attached as Exhibit 7.

11.     Counsel for Lockheed responded and would not commit to a specific

time-table, despite the impending approach of the end of discovery in this case.

*See* Email from Barry Goheen, attached as Exhibit 8.

12.     On September 9, 2009, counsel for Lockheed produced to Plaintiffs

4

documents relating to the C-130 only.  *See* Letter from G. Alexander Panos dated September 9, 2009, attached as Exhibit 9.

13.     As of this writing, Lockheed has not produced a significant portion of the documents that it was ordered to, and agreed to produce.  Specifically, Lockheed has not produced documents relating to the F-22, C-5, P-3, S-3, and L-1011 aircraft.

14.     The documents sought from Lockheed – detail prints, assembly prints, and operations cards for the F-22, C-5, P-3, S-3, and L-1011 aircraft – are the *only means* of ascertaining with specificity which beryllium parts the Plaintiffs were exposed to, how they worked with those parts, and what warnings they were provided accompanied them.  Without such information, Plaintiffs will be severely prejudiced in preparing their case for trial.

## 2.     Argument and Citation of Authority

### A,     Lockheed Should Be Ordered to Comply With Plaintiffs' Subpoena

"The Federal Rules of Civil Procedure… strongly favor full discovery whenever possible."  *Moore v. Armour Pharma. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).  A District Court may quash or modify a subpoena only if it is "unreasonable and oppressive."  *Id*.  The party seeking to quash a subpoena has the

burden of proof to demonstrate "that compliance with the subpoena would be 'unreasonable and oppressive.'" *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (*quoting Barnes Found. v. Township of Lower Merion*, 1997 U.S. Dist. LEXIS 4444, 1997 WL 169442, at *4 (E.D. Pa. Apr. 7, 1997)). "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation." *Linder v. Department of Defense*, 328 U.S. App. D.C. 154, 133 F.3d 17, 24 (D.C. Cir. 1984) (*quoting Northrop Corp. v. McDonnell Douglas Corp.*, 243 U.S. App. D.C. 19, 751 F.2d 395, 407 (D.C. Cir. 1984)).

Lockheed has already failed to quash Plaintiffs' subpoena, which should now be enforced.

### A.   The Court Has Already Ordered Lockheed To Produce Documents Sought By Plaintiffs, But Lockheed Has Essentially Ignored Its Obligations

On June 1, 2009, the Court entered an order denying Lockheed's Motion to quash. [267]. The Court ordered that "Lockheed shall be required to produce information of the nature sought by Plaintiff's document subpoena…" once the scope was narrowed, which was accomplished in June 2009. *Id*. Despite the Court's explicit order, Lockheed has not produced the majority of documents that it was ordered to produce. Specifically, Lockheed has not produced documents relating to the F-22, C-5, P-3, S-3, and L-1011 aircraft. Lockheed's only

production pursuant to the Court's Order was made on September 9, 2009, and contained only documents relating to the C-130.  *See* Exhibit 9.

There is simply no excuse for Lockheed's delay, and Lockheed has taken no steps to seek additional time from the Court, or to apprise the parties of when they can expect production of the remaining documents.

## 3.    Conclusion

Given the current case management deadlines, Lockheed is in effect depriving Plaintiffs of documents necessary for the completion of discovery in this case.  Lockheed is the only entity that can provide the documents and information sought in Plaintiffs' subpoena:  there is simply no basis for Lockheed to continue to refuse to comply with its obligations in this case.

Respectfully submitted

 /s/ Ruben Honik_____
Ruben Honik (admitted *pro hac vice*)
Stephan Matanovic (admitted *pro hac vice*)
Golomb & Honik, P.C.
1515 Market Street Suite 1100
Philadelphia, Pennsylvania  19102
Telephone: 215.985.9177
Facsimile: 215.985.9177
rhonik@golombhonik.com
smatanovic@golombhonik.com

James H. Webb, Jr.
Webb Lindsey & Wade, LLC
400 Westpark Court, Suite 220
Peachtree City, Georgia  30269

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I, Stephan Matanovic, hereby certify that the undersigned electronically filed the foregoing with the Clerk of the Court by electronic filing:

| | |
|---|---|
| James R. Johnson, Esquire<br>Robin A. Schmahl, Esquire<br>Jones Day Reavis & Pogue<br>1420 Peachtree Street, N.E., Suite 800<br>Atlanta, Georgia 30309-3053<br>*Counsel for Brush Wellman, Inc.* | Jeffrey D. Ubersax, Esquire<br>Jones Day Reavis & Pogue<br>North Point - 901 Lakeside Avenue<br>Cleveland, Ohio  44114-1190<br>*Counsel for Brush Wellman, Inc.* |
| A. Scott Ross, Esquire<br>Philip D. Irwin, Esquire<br>Neal & Harwell, PLC<br>150 Fourth Avenue, North<br>2000 One Nashville Place<br>Nashville, TN 37219<br>*Counsel for Schmiede Machine and Tool Corp.* | David G. Greene, Esquire<br>Corliss S. Lawson, Esquire<br>Paul T. Kim, Esquire<br>Jeffrey J. Bazinet, Esquire<br>Lord, Bissell & Brook LLP<br>The Proscenium, Suite 1900<br>1700 Peachtree Street, NE<br>Atlanta, GA 30309-7675<br>*Counsel for Schmiede Corp.* |
| H. Lane Young, II, Esquire<br>M. Elizabeth O'Neill, Esquire<br>Hawkins & Parnell<br>4000 SunTrust Plaza<br>303 Peachtree Street, N.E.<br>Atlanta, Georgia  30308-3243<br>*Counsel for Thyssenkrupp Materials North America, Inc. d/b/a Cooper & Brass Sales* | Sewell K. Loggins, Esquire<br>Anne M. Landrum, Esquire<br>Mozley Finlayson & Loggins<br>One Premier Plaza, Suite 900<br>5605 Glenridge Drive<br>Atlanta, Georgia  30342-1386<br>*Counsel for McCann Aerospace Machining Corporation* |
| Barry Goheen<br>King & Spalding LLP<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309<br>*Counsel for Lockheed Martin Corp* | Andrew M. Thompson<br>Smith Gambrell & Russell, LLP<br>Promenade II, Ste. 3100<br>1230 Peachtree Street, N.E.<br>Atlanta, GA 30309<br>*Counsel for Alcoa, Inc.* |

This 10th day of September, 2009

_/s/ Stephan Matanovic__
Stephan Matanovic