**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| NEAL PARKER, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:04-CV-606-RWS |
| | : | |
| BRUSH WELLMAN INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| TIMOTHY P. BERUBE, *et al.*, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:08-CV-02725-RWS |
| | : | |
| BRUSH WELLMAN INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

These cases come before the Court on various motions.  In Civil Action

No. 1:04-CV-606-RWS, before the Court is Plaintiffs' Motion to Compel [310]

and Amended Motion to Compel [314].  The following Motions are presently

before the Court in both Civil Action No. 1:04-CV-606-RWS and Civil Action

No. 1:08-CV-2725-RWS: Defendant McCann's Motion to Compel Production

(Civil Action No. 1:04-CV-606-RWS [319] and Civil Action No. 1:08-CV-

2725-RWS [125]); Plaintiffs' Motion to Compel  (Civil Action No. 1:04-CV-

606-RWS [323] and Civil Action No. 1:08-CV-2725-RWS [128]); Plaintiffs'

Motion to Strike Notice to Non-Parties (Civil Action No. 1:04-CV-606-RWS

[330] and Civil Action No. 1:08-CV-2725-RWS [134]); Defendant

Thyssenkrupp Materials' Motion for Summary Judgment (Civil Action No.

1:04-CV-606-RWS [345] and Civil Action No. 1:08-CV-2725-RWS [147]); All

Defendants' Motion for Summary Judgment (Civil Action No. 1:04-CV-606-

RWS [346] and Civil Action No. 1:08-CV-2725-RWS [148]); Defendant

Alcoa's Motion for Summary Judgment (Civil Action No. 1:04-CV-606-RWS

[347] and Civil Action No. 1:08-CV-2725-RWS [149]); Defendant

Thyssenkrupp Materials' Motion for Joinder (Civil Action No. 1:04-CV-606-

RWS [348] and Civil Action No. 1:08-CV-2725-RWS [154]); Defendant

Alcoa's Motion to Exclude Testimony (Civil Action No. 1:04-CV-606-RWS

[352] and Civil Action No. 1:08-CV-2725-RWS [153]); Defendant McCann's

Motion for Summary Judgment (Civil Action No. 1:04-CV-606-RWS [356] and

AO 72A
(Rev.8/82)

Civil Action No. 1:08-CV-2725-RWS [159]); Defendant McCann's Motion for

Leave for Excess Pages (Civil Action No. 1:04-CV-606-RWS [357] and Civil

Action No. 1:08-CV-2725-RWS [160]); Defendant McCann's Motion in

Limine to Exclude Testimony of John W. Martyny (Civil Action No. 1:04-CV-

606-RWS [358] and Civil Action No. 1:08-CV-2725-RWS [161]); All

Defendants' Motion for Summary Judgment Pursuant to Component

Manufacturer Doctrine (Civil Action No. 1:04-CV-606-RWS [360] and Civil

Action No. 1:08-CV-2725-RWS [156]); Defendant Schmiede's Motion for

Joinder to Defendant Alcoa's Motion to Exclude (Civil Action No. 1:04-CV-

606-RWS [361] and Civil Action No. 1:08-CV-2725-RWS [158]); Defendant

Schmiede's Motion for Joinder to Co-Defendant's Motion for Summary

Judgment (Civil Action No. 1:04-CV-606-RWS [362] and Civil Action No.

1:08-CV-2725-RWS [157]); Defendant Schmiede's Motion for Joinder to

Defendant Alcoa's Reply in Support of its Motion to Exclude (Civil Action No.

1:04-CV-606-RWS [400] and Civil Action No. 1:08-CV-2725-RWS [203]);

Defendant Schmiede's Motion for Excess Pages (Civil Action No. 1:04-CV-

606-RWS [401] and Civil Action No. 1:08-CV-2725-RWS [204]);  Defendant

Thyssenkrupp Materials' Motion for Excess Pages (Civil Action No. 1:04-CV-

3

606-RWS [403] and Civil Action No. 1:08-CV-2725-RWS [206]);  Defendant

Thyssenkrupp Materials' Motion for Joinder to Defendant Alcoa's Reply in

Support of its Motion to Exclude (Civil Action No. 1:04-CV-606-RWS [406]

and Civil Action No. 1:08-CV-2725-RWS [209]); and Defendant McCann's

Motion for Excess Pages (Civil Action No. 1:04-CV-606-RWS [409] and Civil

Action No. 1:08-CV-2725-RWS [212]).

 As an initial matter, all motions seeking permission from the Court to file

excess pages are **GRANTED nunc pro tunc**. (Civil Action No. 1:04-CV-606-

RWS [357, 401, 403, 409] and Civil Action No. 1:08-CV-2725-RWS [160, 204,

206, 212].)  Motions for joinder are also **GRANTED nunc pro tunc**. (Civil

Action No. 1:04-CV-606-RWS [348, 361, 362, 400, 406] and Civil Action No.

1:08-CV-2725-RWS [154, 157, 158, 203, 209].)  Further, Plaintiffs have

voluntarily withdrawn their claims for strict liability and attorneys' fees.  Such

claims are hereby **DISMISSED**.

I. **Factual Background**[1]

 The above-captioned *Parker* Civil Action No. 1:04-CV-606-RWS and

---

 [1]These facts are drawn primarily from the Complaint and the Parties'
Statements of Undisputed Material Facts.  The Court makes no findings with regard to
the facts contained herein.

*Berube* Civil Action No. 1:08-CV-2725-RWS cases are separate cases that have been consolidated for pretrial discovery purposes.  The *Parker* case involves four Plaintiffs—Neal Parker, Ralph Griffin, Wilbert Carlton, and Carl Brown—and the *Berube* case involves eight Plaintiffs—Tim Berube, Stephen King, George King, John Vaniman, John Gamble, Ernest Dunton, Matthew Bell, and Milton Moss.  The Plaintiffs are current or former employees of Lockheed Martin Corporation ("Lockheed") at its Marietta, Georgia plant site, and the Plaintiffs have had a variety of job responsibilities, time periods of employment, and work areas at the Lockheed facility.  The Plaintiffs allege that they were exposed to beryllium while employed by Lockheed and working on and/or around the C-130, C-5, and F-22 aircrafts.

In the original complaint in the *Parker* case, the Plaintiffs named eight defendants— Lockheed, Brush Wellman Inc. ("Brush Wellman"), Schmiede Corporation ("Schmiede"), Thyssenkrupp Materials NA, Inc. d/b/a Copper and Brass Sales ("ThyssenKrupp"), Axsys Technologies, Inc. ("Axsys"), Alcoa Inc. ("Alcoa"), McCann Aerospace Machining Corporation ("McCann"), and Cobb Tool, Inc. ("Cobb Tool"). (Civil Action No. 1:04-CV-606-RWS [1]). Axsys, Lockheed, and Cobb Tool were dismissed from the *Parker* case (Civil Action

5

No. 1:04-CV-606-RWS [90, 95, and 120]) and not named as defendants in the *Berube* case, and Brush Wellman was dismissed from the *Parker* and *Berube* cases after entering into a confidential settlement agreement with Plaintiffs. (Civil Action No. 1:04-CV-606-RWS [318] and Civil Action No. 1:08-CV-2725-RWS [124]).  Four defendants—Schmiede, McCann, ThyssenKrupp, and Alcoa—remain.

The Plaintiffs claim to have been exposed to beryllium at various times and locations over a span of over forty years at Lockheed's Marietta facility.  Plaintiffs allege that Defendants failed to provide Lockheed with sufficient and accurate warnings pertaining to the beryllium contained in the manufactured products.  Specifically, Plaintiffs assert a failure to warn claim, arguing that the warning materials that the Defendants provided did not adequately communicate the severe health risks associated with the use of beryllium nor did they describe the methods that would reduce such risks.

Each Defendant is alleged to have manufactured component parts using copper beryllium alloy or aluminum beryllium alloy for Lockheed.  The production of such aircraft parts and assemblies was manufactured according to

Lockheed and U.S. Air Force design and  specifications.  Defendants now seek favorable judgment on Plaintiffs' failure to warn claim.

## II.      Motions for Summary Judgment

### A.      Summary Judgment Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

B.      Discussion

Defendants' individual motions for summary judgment, as well as their

joint motions for summary judgment, largely overlap in factual basis and

argument.  Accordingly, the Court will address the motions jointly. (Civil

Action No. 1:04-CV-606-RWS [345, 346, 347, 356, 360] and Civil Action No.

1:08-CV-2725-RWS [147, 148, 149, 156, 159].)  Defendants make various

arguments in support of their motions for summary judgment: (1) Plaintiffs fail

to provide evidence of direct exposure and proximate cause; (2) Plaintiffs have

not demonstrated that Defendants had a duty to warn or that the provided

warnings were insufficient; (3) Plaintiffs' claims are preempted by the Federal

Occupational Exposure Standard for beryllium; (4) Plaintiffs' claims fail

because Lockheed should be classified as a Sophisticated User and Learned

Intermediary; (5) Plaintiffs' claims are barred by the Government Contractor

Defense;[2] (6) Plaintiffs Gamble, George King, and Berube's claims are time

barred; (7) Plaintiffs Dunton, Bell, and Brown fail to demonstrate an injury; (8)

---

[2]Plaintiffs concede that they are not alleging a design defect claim.
Accordingly, the Court need not address Defendants' government contractor defense.
(Civil Action No. 1:04-CV-606-RWS [392] and Civil Action No. 1:08-CV-2725-
RWS [195] at 33.)

claims are bared under the Component Parts Doctrine; and (9) Plaintiffs are not entitled to punitive damages.

As an initial argument, Defendants contend that Plaintiffs fail to demonstrate that they were directly exposed to a particular defendant's product at ascertained times and that such exposure was the proximate cause of the alleged injury. (See Civil Action No. 1:04-CV-606-RWS [347] and Civil Action No. 1:08-CV-2725-RWS [149] at 1.)  Causation requires proof that a plaintiff worked directly with a defendant's products or in close proximity to others who did. Blackston v. Shook & Fletcher Insulation Co., 764 F.2d 1480, 1482 (11th Cir. 1985).  More than a possibility of a causal relationship is required – a plaintiff must show the "*probability* of exposure as a cause." MacZko v. Employers Mut. Liability Ins. Co., 157 Ga. App. 247, 250 (1967) (emphasis in original).

Defendants contend that the Plaintiffs cannot demonstrate that their beryllium related illnesses and injuries were caused by exposure to any of the specific Defendants' products. (See Civil Action No. 1:04-CV-606-RWS [347] and Civil Action No. 1:08-CV-2725-RWS [149] at 12; Civil Action No. 1:04-CV-606-RWS [345] and Civil Action No. 1:08-CV-2725-RWS [147] at 16.)

10

Plaintiffs' expert, Dr. John Martyny cannot opine as to the individual product or products that were the source of the exposure. (February 10, 2010 Deposition of John Martyny at pp. 662:24-663:17, 682:7-683:9.)  Further, Plaintiffs could not testify that they worked with or around, nor could they even identify, Defendants' products, and none of the Plaintiffs testified he was exposed to beryllium from any of the Defendants' assemblies.  Defendants contend that the mere fact that they manufactured beryllium containing products and such products were present at the Lockheed site at some point during the relevant time period is insufficient to support Plaintiffs' claim. (Civil Action No. 1:04-CV-606-RWS [345] and Civil Action No. 1:08-CV-2725-RWS [147] at 18.)  In fact, the Court in <u>Blackston</u> specifically rejected the argument that, "a rebuttable presumption of exposure should arise once a plaintiff has shown that a defendant's asbestos-containing products were used at a job site while the plaintiff was employed at the job site." <u>Blackston</u>,  F.2d 1480 at 1483.

  The Court agrees with the standard set forth by Defendants.  Plaintiffs demonstrate that Defendants manufactured beryllium-containing components and products according to Lockheed and U.S. Air Force specifications for use on the F-22 aircraft.  The products were then sold to Lockheed during the

11

relevant time frame. (Plaintiffs' Statement of Disputed Facts ¶ 48, p. 23.)

Plaintiffs worked on or around the F-22 aircraft assembly in the B-1 building.

Finally, Plaintiffs' expert opined that the manner in which Defendants' products

were machined resulted in the release of respirable beryllium and the exposure

at issue. (Civil Action No. 1:04-CV-606-RWS [392] and Civil Action No. 1:08-

CV-2725-RWS [195] at 41.)  Based on the present record, the causal link

between Defendants' products and Plaintiffs' alleged injuries is weak.

However, Plaintiffs' Motions to Compel addressed in Parts IV, A. and B. below

seek critical information that may assist Plaintiffs in identifying the products to

which they were exposed.  Until the Court conducts the hearing on those

motions, it will **RESERVE RULING** on the proximate cause and exposure

issues raised by Defendants.

Defendants further argue that Plaintiffs' claims are barred by the

Component Parts Manufacturer Doctrine.  Under the Component Parts

Manufacturer Doctrine, a supplier of a non-defective part which becomes

defective when integrated into another manufacturer's product cannot be held

liable for the defect. Restatement (Third) of Torts: Products Liability § 5 (1998)

(Civil Action No. 1:04-CV-606-RWS [360] and Civil Action No. 1:08-CV-

12

2725-RWS [156].)  Defendants contend that they are not liable for the

Plaintiffs' exposures because the component parts and/or assemblies were not

themselves defective. The components only released respirable beryllium once

Lockheed machined or abraded them.  The Court finds this argument misplaced

because Plaintiffs are not asserting a defective design claim.

Rather, the issue before the Court is whether Defendants had a duty to

warn Plaintiffs about hazards associated with the products and whether the

provided warnings were adequate.  "Under Georgia law, a component

manufacturer has a duty to warn of a danger that may result from a reasonably

foreseeable use of its product." Tomlinson v. Resqline, Inc., 2006 WL 1097833

(N.D. Ga. April 24, 2006) *citing* Beauchamp v. Russell, 547 F.Supp. 1191,

1197 (N.D.Ga.1982.)  Defendants allege that Plaintiffs waived the duty to warn

with respect to Schmiede as well as McCann.  Further, Defendants contend that

they sold finished component assemblies or solid form sub-parts.  Therefore, it

was not reasonably foreseeable to assume that such assemblies would be

machined by Lockheed so as to release respirable beryllium.  In response,

Plaintiffs argue that the completed component assemblies "often required

sanding, polishing, and/or deburring in order to properly seat the component"

13

and that "[s]uch operations present an inhalation risk to those performing the work and/or those working near those performing the work." (Plaintiffs' Statement of Facts, ¶¶ 18, 19, 72, 73, 75, 85, 88-91).  The Court finds issues of fact surrounding which products were sold and whether the machining of the component parts was foreseeable.

Defendants Schmiede and McCann argue that Lockheed explicitly waived and exempted them from a duty to warn by including in its Purchase Orders language stating: "NO MSDS [Material Data Safety Sheet] NEEDED FOR THIS P.O."  The Court finds that whether this waiver absolves Defendants of any liability associated with their duty to provide warnings based on additional and actual knowledge they had of the hazards is a factual issue.  The Court cannot state as a matter of law that by not requiring Defendants to provide a MSDS, Lockheed intended to remove any duty to warn as it pertained to information unknown to Lockheed.

As to Defendants' remaining arguments for summary judgment, the Court finds that factual issues remain that preclude judgment as a matter of law. Specifically, the Court finds issues of fact surrounding whether Defendants had additional knowledge that their warnings and the Federal Occupational

14

Exposure Standard were inadequate and whether such knowledge resulted in a duty to disclose.  Such factual issues also directly affect the Court's determination on whether Lockheed should be classified as a Sophisticated User or Learned Intermediary, barring Plaintiffs' claims.  Further, there are disputed material facts concerning the extent of Plaintiffs' injuries and the date of discovery of the alleged injuries and illnesses.

Accordingly, Defendants' Motions for Summary Judgment are **DENIED, in part**. (Civil Action No. 1:04-CV-606-RWS [345, 346, 347, 356, 360] and Civil Action No. 1:08-CV-2725-RWS [147, 148, 149, 156, 159].)  The Court **RESERVES RULING** on the proximate cause and exposure issues.

## III.   Motions to Exclude Testimony of Dr. John W. Martyny

Defendants seek to exclude testimony from Plaintiffs' expert, Dr. John W. Martyny on the basis that his reports: (a) lack evidentiary basis, sufficient facts, or reliable scientific methodology, and (b) were "ghost-written" by counsel in violation of Federal Rule of Civil Procedure 26(a). (Civil Action No. 1:04-CV-606-RWS [352, 358] and Civil Action No. 1:08-CV-2725-RWS [153, 161].)

AO 72A
(Rev.8/82)

The Court finds that it would benefit from an evidentiary hearing to clarify the Parties' positions.  In particular, the Court seeks clarification from Plaintiffs as to the evidence and factual record they contend formed the basis of Dr. Martyny's opinions and reports.  The parties shall appear for a Daubert hearing on Thursday, September 2, 2010 at 2:00 P.M., Courtroom 2105, United States Courthouse, Atlanta, Georgia.

At this time, the Court **RESERVES RULING** on Defendant Alcoa's Motion to Exclude Testimony (Civil Action No. 1:04-CV-606-RWS [352] and Civil Action No. 1:08-CV-2725-RWS [153]) and Defendant McCann's Motion in Limine to Exclude Testimony of John W. Martyny (Civil Action No. 1:04-CV-606-RWS [358] and Civil Action No. 1:08-CV-2725-RWS [161]).

## IV.    Motions to Compel and Motion to Strike

### A.    Motion to Compel Production of Documents from Lockheed

Plaintiffs' first Motion to Compel seeks to enforce their subpoena as well as Non-party Lockheed's Agreement to produce documents. (Civil Action No. 1:04-CV-606-RWS, Dkt. Nos. [310, 314].)  Given the filing of the amended motion, Plaintiffs' Motion to Compel [310] is **DENIED as moot**.  The Court previously ruled that Plaintiffs' subpoena was overly broad but that Lockheed,

16

"shall be required to produce information of the nature sought by Plaintiffs'

document subpoena." (Order dated June 1, 2009 [267].)  In finding that

Lockheed Martin would be permitted to comply with any security concerns

raised by the United Sates Air Force pertaining to the F-22 and its status as a

Special Access Program, the Court directed the parties to "confer in an attempt

to reach a compromise in narrowing the subpoena's scope."

In the Order, the Parties were directed to notify the Court within ten (10)

days if a resolution could not be reached. (<u>Id</u>.)  As evidenced by the pending

Motion to Compel, the Plaintiffs and Lockheed are unable to reach agreement

as to the scope of the subpoena.  Despite the explicit instructions, the Court has

not received the requisite notice.  Further, Lockheed has failed to provide a

response, indicating why the Court should not enforce the terms of the

subpoena and compel the production of the requested documents.[3]  The Court

shall hear oral arguments pertaining to the scope of the subpoena on Thursday,

September 2, 2010 at 2:00 P.M., Courtroom 2105, United States Courthouse,

Atlanta, Georgia.  The Court will **RESERVE RULING** on Plaintiffs'

---

[3]Local Rule 7.1(B) states that failure to respond to a motion "shall indicate that there is no opposition to the motion."

17

Amended Motion to Compel Production of Documents from Lockheed Martin [314] until the hearing**.**

      B.      <u>Motion to Compel Production of Documents from McCann</u>

Plaintiffs next seek to compel Defendant McCann's production of engineering data, specifications, blueprints, drawings, and other materials that were supplied to McCann by Lockheed. (Civil Action No. 1:04-CV-606-RWS [319] and Civil Action No. 1:08-CV-2725-RWS [125].)  Plaintiffs claim these materials are not privileged and are directly responsive to Plaintiffs' discovery requests. (<u>Id.</u>)

Most convincingly, McCann argues that the Motion should be denied because it "improperly seeks to circumvent the legitimate national security objections interposed by Lockheed-Martin in response to Plaintiffs' subpoena duces tecum seeking production of the Detail Prints and accompanying documents that Lockheed sent to its vendors, including McCann." (Civil Action No. 1:04-CV-606-RWS [322] and Civil Action No. 1:08-CV-2725-RWS [127].)[4]  The Court finds that McCann's national security concern will be

---

[4]McCann further argues that Plaintiffs' request for such documents is untimely and improper because Plaintiffs did not formally request the documents in discovery. (Civil Action No. 1:04-CV-606-RWS [322] and Civil Action No. 1:08-CV-2725-RWS [127].)  Plaintiffs' Request for Production No. 16 requests:

remedied by the Court's findings regarding Plaintiffs' subpoena to Non-party

Lockheed. (Dkt. No. [314].)  Following the hearing on September 2, 2010 the

Court shall make a determination on the extent of the security privilege raised

by the United States Air Force pertaining to the F-22.  McCann shall then

provide the responsive documents to the extent they do not conflict with the

security concerns, as determined by the Court. Accordingly, the Court will

**RESERVE RULING** on Plaintiffs' Motion to Compel Production of

Documents by McCann (Civil Action No. 1:04-CV-606-RWS [319] and Civil

Action No. 1:08-CV-2725-RWS [125]) until the hearing.

C.     Motion to Compel Deposition Answers from Schmiede

Plaintiffs request that Defendant Schmiede provide them with a second

deposition in compliance with Federal Rule of Civil Procedure 30(b)(6). (Civil

Action No. 1:04-CV-606-RWS [323] and Civil Action No. 1:08-CV-2725-

---

Any and all documents evidencing or referring to Lockheed's
anticipated or expected end uses and applications of the beryllium,
beryllium compounds, or products containing beryllium which were
sold, shipped, supplied, distributed, delivered and/or merchandised by
you or someone on your behalf, directly or indirectly, to Lockheed.

(Civil Action No. 1:04-CV-606-RWS [328] and Civil Action No. 1:08-CV-2725-
RWS [133], Exhibit 1.) The Court finds that such request can be reasonably read to
encompass the documents at issue herein. Plaintiffs are therefore entitled to these
documents to the extent they are not protected by the security concerns.

AO 72A
(Rev.8/82)

RWS [128].)  In support, Plaintiffs claim that Defendant Schmiede, "produced a wholly inadequate corporate designee witness, who had virtually no knowledge of the noticed topics, and who conceded that other Schmiede employees had greater knowledge of the relevant topics than he." (Id. at 2.)  Further, Plaintiffs contend that defense counsel, David Greene, made inappropriate speaking objections in an attempt to speak on behalf of the witness, Kenneth M. Butler. (Id. at 9.)

Upon review, the Court finds that Mr. Butler was a knowledgeable, well-prepared, and appropriate corporate designee as a 30(b)(6) witness.  The record reflects that Mr. Butler reviewed hundreds of pages of documents and consulted with various employees in an effort to most accurately respond to the scope of Plaintiffs' deposition.  This research, coupled with Mr. Butler's position at Schmiede as the Chief Financial Officer made him an appropriate designee. Further, in responding to Initial Disclosures and through previous document production, Schmiede specifically identified Ewin W. Pross as well as Robert Ferrell as persons having relevant knowledge. Plaintiffs chose not to seek depositions of either employee, but rather relied exclusively on the corporate designee's testimony in a 30(b)(6) deposition.  The Court finds the designation

20

of Kenneth M. Butler was appropriate such that a second deposition is not

required.  Plaintiffs' Motion to Compel Answers to Deposition Questions by

Schmiede (Civil Action No. 1:04-CV-606-RWS [323] and Civil Action No.

1:08-CV-2725-RWS [128]) is **DENIED**.[5]

> D.    Motion to Strike Defendants' Notice of Non-Parties

On November 16, 2009, Defendants filed a Notice of Non-Parties to

Whom Fault Should be Allocated, listing sixty-seven (67) entities. (Civil Action

No. 1:04-CV-606-RWS [324] and Civil Action No. 1:08-CV-2725-RWS

[129].)  Plaintiffs argue that the Court should strike the notice, filed three

months after the close of discovery, as untimely. (Civil Action No. 1:04-CV-

606-RWS [330] and Civil Action No. 1:08-CV-2725-RWS [134].)  Plaintiffs

argue that despite ample opportunity, Defendants did not "name any non-party

as a third-party defendant, and did not identify any non-party as having

responsibility for Plaintiffs' injuries during the discovery period."[6] (Dkt. No.

---

[5]Defense counsel David Greene's inappropriate speaking objections do not go unnoticed by the Court.  While the Court does not find that a new 30(b)(6) deposition is warranted, the Court *strongly* cautions defense counsel from engaging in such unprofessional behavior and conduct violative of the Federal Rules.  Repeat offenses will result in sanctions.

[6]Plaintiffs assert that Defendant Alcoa failed to identify any party in response to Initial Disclosure Question 9 requiring Defendants to list any person who is not a party and may be liable for Plaintiffs' injuries.  In response to the same question,

[330] at 5.)  According to Plaintiffs, Defendants could have previously identified the sixty-seven non-parties by way of: "(1) a response or supplement to their Initial Disclosures; (2) in response, or supplemental response, to written discovery; and/or (3) seeking to amend the pleadings to add additional defendants." (Id. at 6.)

Defendants contend that they each explicitly raised the defense of non-party fault in their answers, document production, and deposition questioning. (Civil Action No. 1:04-CV-606-RWS [337] and Civil Action No. 1:08-CV-2725-RWS [139].)  They argue, and the Court agrees, that Plaintiffs were placed on notice of the non-party liability defense prior to the filing of the Notice on November 16, 2009.  Under O.C.G.A. § 51-12-33 (d)(1), a jury shall consider a non-party's negligence or fault, "if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault."  The Court finds that Defendants have sufficiently complied with the express terms of O.C.G.A. § 51-12-33 (d)(1), by filing the notice well in advance of a trail date.  Accordingly, Plaintiffs' Motion to Strike Defendants'

---

Defendants McCann, Schmiede, and Thyssenkrupp listed only Lockheed Martin. (Civil Action No. 1:04-CV-606-RWS [330] and Civil Action No. 1:08-CV-2725-RWS [134].)

Notice of Non-Parties to Whom fault Should be Allocated (Civil Action No.

1:04-CV-606-RWS [330] and Civil Action No. 1:08-CV-2725-RWS [134]) is

**DENIED**.

## Conclusion

Based on the foregoing, the following motions are **GRANTED nunc pro**

**tunc**: Civil Action No. 1:04-CV-606-RWS [357, 401, 403, 409, 348, 361, 362,

400, 406] and Civil Action No. 1:08-CV-2725-RWS [160, 204, 206, 212, 154,

157, 158, 203, 209].)   Plaintiffs' claims for strict liability and attorneys' fees

are **DISMISSED**.

Defendants' Motions for Summary Judgment (Civil Action No. 1:04-CV-

606-RWS [345, 346, 347, 356, 360] and Civil Action No. 1:08-CV-2725-RWS

[147, 148, 149, 156, 159]) are **DENIED, in part**.

The Court **RESERVES RULING** on the following motions: the issues

of proximate cause and exposure in Defendants' Motions for Summary

Judgment (Civil Action No. 1:04-CV-606-RWS [345, 346, 347, 356, 360] and

Civil Action No. 1:08-CV-2725-RWS [147, 148, 149, 156, 159]); Defendants'

Motions to Exclude Testimony (Civil Action No. 1:04-CV-606-RWS [352,

358] and Civil Action No. 1:08-CV-2725-RWS [153, 161]); Plaintiffs'

Amended Motion to Compel Production of Documents from Lockheed Martin (Civil Action No. 1:04-CV-606-RWS [314]); Plaintiffs' Motion to Compel Production of Documents by McCann (Civil Action No. 1:04-CV-606-RWS [319] and Civil Action No. 1:08-CV-2725-RWS [125]) .

On Civil Action No. 1:04-CV-606-RWS, Plaintiffs' Motion to Compel [310] is **DENIED as moot**.  Plaintiffs' Motion to Compel Answers to Deposition Questions by Schmiede (Civil Action No. 1:04-CV-606-RWS [323] and Civil Action No. 1:08-CV-2725-RWS [128]) is **DENIED**.  Plaintiffs' Motion to Strike Defendants' Notice of Non-Parties to Whom fault Should be Allocated (Civil Action No. 1:04-CV-606-RWS [330] and Civil Action No. 1:08-CV-2725-RWS [134]) is **DENIED**.

The parties shall appear for a hearing on Thursday, September 2, 2010 at 2:00 P.M., Courtroom 2105, United States Courthouse, Atlanta, Georgia for a Daubert hearing as well as oral arguments on all motions for which the Court has reserved ruling.

**SO ORDERED** this  25th  day of August, 2010.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)